Case No.  CV 19-2870-MWF (AFMx)                    Date:  June 19, 2019
Title:    Raymond Safarian v. Ford Motor Company, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING MOTION TO REMAND [11]

Before the Court is Plaintiff's Motion to Remand (the "Motion"), filed on May 15, 2019.  (Docket No. 11).  Defendants Ford Motor Company ("Ford") and NGP Motors, Inc. dba Sunrise Ford of North Hollywood ("Sunrise Ford") field an Opposition on May 24, 2019.  (Docket No. 12).  Plaintiff filed his Reply on June 3, 2019.  (Docket No. 13).  The Court has read and considered the papers submitted on the Motion and held a hearing on June 17, 2019.

For the reasons discussed below, the Motion is **GRANTED**.  Ford has not established that Sunrise Ford, the dealership, was fraudulently joined, "fraudulently" being used here with its technical jurisdictional meaning.  Specifically, Plaintiff's claim against Sunrise Ford is timely because there are sufficient facts alleged supporting delayed discovery.  The Court also declines to exercise its discretion to drop Sunrise Ford as a Defendant.  Because Plaintiff is a California resident and Sunrise Ford is a California corporation, this Court lacks diversity jurisdiction and the action must be remanded.

**I.    BACKGROUND**

On March 12, 2019, Plaintiff commenced this action in the Los Angeles County Superior Court.  (*See* Notice of Removal ("NoR"), Ex. A, Complaint (Docket No. 1-3)).  Plaintiff is a resident of Los Angeles County.  (*Id.* ¶ 2).  Ford is a Delaware corporation whose principal place of business is in Michigan.  (*Id.* ¶ 4; *see* NoR ¶ 19).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2870-MWF (AFMx)           Date:  June 19, 2019
Title:    Raymond Safarian v. Ford Motor Company, et al.

Sunrise Ford is a California corporation conducting business in Los Angeles County. (Compl. ¶ 5).

The Complaint alleges as follows:

On September 24, 2009, Plaintiff purchased from Sunrise Ford a new 2009 Ford F350 Super Duty vehicle (the "Vehicle"). (*Id.* ¶ 7). The Vehicle was equipped was 6.4-liter PowerStroke diesel engine and came with a warranty guaranteeing engine repair for five years or 100,000 miles. (*Id.* ¶ 8). After purchasing the Vehicle and during the warranty period, Plaintiff experienced problems with the Vehicle related to the engine, including defects "requiring the recalibration and/or reprogramming of the powertrain control module"; "causing stalling" and sputtering; causing oil leaks; "causing water intrusion into the trailer connector and/or wiring"; and "requiring the replacement of the trailer connector and/or bracket." (*Id.* ¶ 9).

Defendants and their representatives "have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." (*Id.* ¶ 11). Plaintiff took the Vehicle in for repairs to the radiator hose once (October 2013), the fuel pump twice (June 2015 and August 2018), the windshield wipers once (June 2015), the pedal assembly once (December 2016), the thermostat once (May 2017), and the trailer control module once (May 2017). (*See* Declaration of Charles F. Harlow ("Harlow Decl."), ¶ 8, Ex. 3 (Docket No. 12-4)).

Plaintiff alleges that Defendants knew of the Vehicle's flaw and "were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts." (Compl. ¶ 13).

Plaintiff asserts six claims for relief: (1)–(3) violations of the Song-Beverly Consumer Warranty Act, Cal Civ. Code §§ 1790 *et seq.*; (4) breach of express written warranty; (5) breach of the implied warranty of merchantability; and (6) fraud by omission. (*Id.* ¶¶ 7–72). Plaintiff asserts claims one, two, three, five, and six against Ford, and claim four against both Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2870-MWF (AFMx)                    Date:  June 19, 2019
Title:     Raymond Safarian v. Ford Motor Company, et al.

On April 15, 2019, Defendants timely removed the action, invoking the Court's diversity jurisdiction and asserting that Sunrise Ford was fraudulently joined. (*See* NoR ¶¶ 20–30).

## II.    DISCUSSION

As an initial matter, Defendants argue that the Motion should be denied in its entirety for failure to comply with Local Rule 7-3. (Opp. at 4). Defendants explain that Plaintiff "filed his remand motion without engaging in any substantive meet and confer efforts and ignoring Ford's follow-up efforts to do so." (*Id.*). In response, Plaintiff explains that he "sent Defendants a meet-and-confer letter articulating the grounds for remand" and that these grounds are "the arguments that Defendants themselves raised in its notice of removal." (Reply at 9–10 (emphasis removed)).

Although it appears that the parties failed to meet and confer in strict compliance with Local Rule 7-3, it does not appear that Defendants have suffered prejudice as a result of this failure. The Court, therefore, will proceed to the merits of the Motion. *See, e.g.*, *Reed v. Sandstone Props., L.P.*, No. 12-CV-5021-MMM (VBKx), 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013) (consideration of the merits of a motion when the opposing party was not prejudiced). Counsel are warned to scrupulously comply with all Local Rules in the future.

Turning to the merits of the Motion, Plaintiff argues that the action should be remanded because Defendants (1) failed to show that Sunrise Ford is a sham Defendant; (2) did not carry their burden of showing that the amount in controversy exceeds $75,000; and (3) did not carry their burden demonstrating that Plaintiff is a California citizen. (Mot. at 4–20).

The threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mort. Co.*, 340 F.3d 858, 861 (9th Cir. 2003). Federal question jurisdiction is not asserted. The issues, then, are whether there is complete diversity and whether the amount in controversy has been met.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2870-MWF (AFMx)                Date:  June 19, 2019
Title:    Raymond Safarian v. Ford Motor Company, et al.

"Because plaintiff's motion to remand challenges the basis of the court's subject matter jurisdiction, the court may consider extrinsic evidence." *Prime Healthcare Servs. – Shasta, LLC v. Sierra Pacific Indus.*, No. 15-cv-2007-CMK, 2016 WL 740529, at *2 (E.D. Cal. Feb. 25, 2016) (citing *McCarthy v. U.S.*, 850 F.2d 558 (9th Cir. 1988)).  While, in the context of a motion to remand due to lack of diversity jurisdiction, it is "well established that courts may pierce the pleadings . . . and examine evidence," it is "also well established that courts ought to construe facts in favor of the plaintiff where there is disputed evidence." *Reynolds v. The Boeing Co.*, No. 15-2846-SVW (ASx), 2015 WL 4573009, at *3 (C.D. Cal. Jul. 28, 2015) (internal quotation marks and citations omitted).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citation omitted).

### A.    Complete Diversity and Fraudulent Joinder

As a preliminary matter, the Court notes Plaintiff's inconsistent arguments relating to complete diversity.  On the one hand, Plaintiff argues that Sunrise Ford, a California corporation, is not a sham Defendant and there is no complete diversity. (Mot. at 4).  On the other hand, Plaintiff argues that Defendants have failed to demonstrate that he is a California citizen.  (*Id.* at 16–20).  But if the Court accepts both arguments—that Sunrise Ford is not a sham Defendant ***and*** that Plaintiff is not a California citizen—then there is complete diversity.

Regardless, the Court is not persuaded by Plaintiff's contention that he is not a California citizen.  As pointed out by Defendants, Plaintiff's own Complaint alleges that he is a resident of Los Angeles County.  (*See* Compl. ¶ 2).  While the Ninth Circuit has not expressly addressed the issue of whether allegations of residence equal citizenship, "numerous courts treat a person's residence as prima facie evidence of the person's domicile." *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013) (citing, among other authority, *Anderson v. Watts*, 138 U.S. 694, 706

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-2870-MWF (AFMx)          Date: June 19, 2019
Title:     Raymond Safarian v. Ford Motor Company, et al.

(1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary . . . ."); 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3612 & n. 28 (3d ed. 2013) ("It is assumed . . . that a person's current residence is also his domicile . . . .")).

Turning to fraudulent joinder, an exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter*, 582 F.3d at 1042 (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)). The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ." *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). A removing defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds*, 2015 WL 4573009, at *2 ("To prove fraudulent joinder, the removing defendant must show that ***settled*** law ***obviously*** precludes the liability against the nondiverse defendant.") (emphasis added).

Because defendants face a heavy burden in establishing that removal is appropriate, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)). "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." *Id.*; *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-2870-MWF (AFMx)                Date: June 19, 2019
Title:      Raymond Safarian v. Ford Motor Company, et al.

Here, Defendants argue that Sunrise Ford's joinder is fraudulent because Plaintiff's single claim for breach of the implied warranty of merchantability is barred by the statute of limitations. (Opp. at 5–12). Defendants also argue that, alternatively, the Court should exercise its discretion under Federal Rule of Civil Procedure 21 to drop Sunrise Ford as a party. (*Id.* at 13–15).

## B.  Statute of Limitations

The statute of limitations is four years for Plaintiff's claim for breach of the implied warranty of merchantability against Sunrise Ford. *See* Uniform Commercial Code § 2725.

Defendants argue that "Plaintiff purchased the vehicle on September 24, 2009," so the statute of limitations "ran four years after the sale of the vehicle, i.e., on September 24, 2013." (Opp. at 7–8). Defendants also argue that the delayed discovery rule does not apply. (*Id.* at 8–9). Defendants finally argue that other tolling doctrines (*e.g.*, class action tolling, equitable tolling, and fraudulent concealment) are inapplicable. (*Id.* at 10–12).

In response, Plaintiff argues that courts routinely reject Defendants' argument that "implied warranty claims against a Ford-authorized dealership [are] time-barred." (Reply at 3–4 (citations omitted)). Plaintiff contends that he could not have "discovered Defendants' failure to disclose the vehicle's defects . . . [until] after Defendants failed to fix the defects after a reasonable number of repair attempts." (Mot. at 11 (citing Compl. ¶¶ 7–8, 57); *see* Reply at 4–5).

The Court agrees with Plaintiff. As unlikely as his allegations appear—and unsupported as they may turn out to be—as allegations they are sufficient. The discovery rule allows for tolling of the statute of limitations in certain circumstances, including for a claim of breach of the implied warranty of merchantability. *See, e.g.*, *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1223 (9th Cir. 2015) (reviewing California Court of Appeal decisions and concluding that California law "does not create a deadline for discovering latent defects or for giving notice to the seller"); *Ehrlich v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-2870-MWF (AFMx)                Date: June 19, 2019
Title:     Raymond Safarian v. Ford Motor Company, et al.

*BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 922 (C.D. Cal. 2010) (finding the "statute of limitations for Plaintiff's breach of implied warranty claim thus began running in March 2008, when he first discovered that BMW would not repair his defective windshield").

A plaintiff may simply have no cause to suspect that he or she has been injured at the exact moment the injury accrued. In such instances, the plaintiff "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808, 27 Cal. Rptr. 3d 661 (2005). "In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to 'show diligence' . . . ." *Id.* (quoting *McKelvey v. Boeing N.A., Inc.*, 74 Cal. App. 4th 151, 160, 86 Cal. Rptr. 2d 645 (1999)).

Here, Plaintiff's claim as alleged against Sunrise Ford is not time-barred because it appears that Plaintiff likely could not have discovered defects until August 2018 at the earliest (all facts being accepted and all inferences granted). As noted above, Plaintiff took his vehicle in for repairs to the radiator hose in October 2013, the fuel pump and windshield wipers in June 2015, the pedal assembly in December 2016, the thermostat and trailer control module in May 2017, and the fuel pump for a second time in August 2018.

Plaintiff's claim against Sunrise Ford therefore could be found to be within the statute of limitations, howsoever unlikely that might turn out to be. Defendants thus have failed to meet its burden to show that Sunrise Ford is a sham Defendant. *See, e.g.*, *Chipley v. Ford Motor Co.*, No. 18-CV-1161-YGR, 2018 WL 1965029, at *3 (N.D. Cal. Apr. 26, 2018) (remanding action and concluding that because "the claim against Galpin [Ford] is not time-barred on its face, and Ford has failed to meet its burden to show that Galpin [Ford] is a sham defendant"); *Less v. Ford Motor Co.*, No. 18-CV-1992-MMA (AGS), 2018 WL 4444509, at *3 (S.D. Cal. Sept. 18, 2018) (same with Carlsbad Ford); *Cardenas v. Ford Motor Co.*, No. 18-CV-1090-DSF (PLAx), 2018 WL 2041616, at *1 (C.D. Cal. Apr. 23, 2018) (same with Worthington Ford);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2870-MWF (AFMx)                Date:  June 19, 2019
Title:     Raymond Safarian v. Ford Motor Company, et al.

*Jimenez v. Ford Motor Co.*, No. 18-CV-3558-JFW(ASx), 2018 WL 2734848, at *2 (C.D. Cal. June 5, 2018) (same).

At the hearing, Defendants argued that a claim for breach of the implied warranty of merchantability cannot be brought against Sunrise Ford because the vehicle was not taken in for any kind of repair within the four-year statute of limitations.  But Defendants' position is contrary to applicable California law, which states that the time for bringing an action is four years from a breach and that a claim for breach of the implied warranty of merchantability may be based upon a defect not discoverable at the time of sale.  *See, e.g.*, *Chipley*, 2018 WL 1965029, at *3 (remanding action because while plaintiffs "purchased their vehicle in November 2010 . . . they did not learn of Ford's acts of concealments and failure to disclose material facts regarding the vehicle until shortly before they filed their complaint [in January 2018]"); *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1311, 95 Cal. Rptr. 3d 285 (2009) (reversing dismissal of a claim for the implied breach of the warranty of merchantability and concluding that the statute of limitations "does not create a deadline for discovering latent defects or for giving notice to the seller").

Therefore, for purposes of the strict doctrine of fraudulent joinder, Plaintiff's claim is timely and not barred by the four-year statute of limitations.

### C.     Dropping Sunrise Ford as a Party

Defendants finally argue "if the Court somehow finds that Sunrise Ford was not fraudulently joined, it should nevertheless exercise its discretion under [Rule 21] to drop Sunrise Ford as a party." (Opp. at 13).  According to Defendants, Sunrise Ford "is not a necessary party" and Plaintiff "can secure full relief from Ford alone because the gravamen of Plaintiff's claims is that his Ford vehicle allegedly had an irreparable defect." (*Id.* at 14).

"[T]he court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21; *accord Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1263 (C.D. Cal. 2014) ("If joinder is improper, Rule 21 provides that the court may, on its own or a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2870-MWF (AFMx)          Date:  June 19, 2019
Title:    Raymond Safarian v. Ford Motor Company, et al.

party's motion, 'at any time, on just terms, add or drop a party.' (citations omitted)). Therefore, if plaintiffs fail to meet the standard for permissive joinder, "the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (citations omitted). In appropriate cases, courts can remedy misjoinder by dismissing the claims of all but the first named plaintiff without prejudice to the filing of individual actions. *Id.* at 1350–51.

Here, the Court concludes that the inclusion of Sunrise Ford as a Defendant is proper. Plaintiff's claims against Ford and Sunrise Ford are inextricably linked and involve significant overlapping questions of fact and law. Most of Plaintiff's asserted claims against Ford and Sunrise Ford relate to the same allegations that certain engine defects were fraudulently and/or negligently concealed. Both Ford and its authorized retailers (*e.g.*, Sunrise Ford) represented to Plaintiff that his vehicle did not have inherent defects and could be repaired. (*See* Reply at 1–2). It would therefore make little sense for Plaintiff to pursue similar claims against Ford and Sunrise Ford in two separate actions and courts.

To the extent that Defendants believe that Sunrise Ford is an unnecessary party and Plaintiff could obtain full relief from Ford, this "does not make [Sunrise Ford] a fraudulently joined defendant if [Plaintiff has] pleaded a claim against it even if [he] did not have to plead such a claim." *Cardenas*, 2018 WL 2041616, at *1 (remanding action and, like here, rejecting the argument that "Worthington Ford was fraudulently joined because Plaintiff's single implied warranty claim against Worthington Ford is barred by the statute of limitations").

Simply put, Ford has provided no reason why, on just terms, the Court should drop Sunrise Ford. Having concluded that there is no complete diversity, the Court need not address Plaintiff's arguments concerning Defendants' failure to establish an amount in controversy exceeding $75,000 or his status as a California citizen based on the Complaint's allegations of residency.

Accordingly, the Motion is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2870-MWF (AFMx)                Date:  June 19, 2019
Title:    Raymond Safarian v. Ford Motor Company, et al.

## III.  CONCLUSION

The Motion is **GRANTED**.  The Court **REMANDS** this action to the Los Angeles County Superior Court.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or whether a demurrer should be sustained in Superior Court.

IT IS SO ORDERED.